UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DONALD HALICEK #631493,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:23-cv-01116 |
| v. | ) |
| | ) |
| **ROSHEEM COLLINS, *et al.*,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Donald Halicek, an inmate of the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee, has filed a pro se, in forma pauperis complaint under 42 U.S.C. §§ 1983, 1985, and 1986; the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1; the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132; and Tennessee state law. (Doc. No. 1).

The complaint is before the Court for an initial review of the complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," <u>id.</u> § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. SUMMARY OF FACTS ALLEGED BY PLAINTIFF

The 75-page, well-organized, typed complaint sets forth detailed allegations about each Defendant's actions or inactions.[1] For purposes of conducting the required PLRA screening, it is not necessary to recount every allegation herein. In summary, the complaint alleges:

Defendant Stewart used excessive force against Plaintiff on February 15, 2022; Defendants Stewart, White, Campbell, and Unknown Nurse were deliberately indifferent to Plaintiff's medical needs immediately following the February 15, 2022 incident; Defendants White, Campbell, and Unknown Nurse failed to intervene or stop Defendant Stewart's use of excessive force on February 15, 2022;

Defendant Que used excessive force against Plaintiff on January 7, 2023; Defendants Que, Stevens, and Nelson left Plaintiff handcuffed behind a locked door for 21 hours on January 7,

---

[1] Attached to the complaint are fourteen exhibits, totaling seventy pages. (Doc. No. 1, Exs. 1-14).

2023; Defendant Unknown Nurse was deliberately indifferent to Plaintiff's medical needs immediately following the January 7, 2023 incident; Defendants Stevens, Nelson, and Unknown Correctional Officer(s) failed to intervene or stop Defendant Que's use of excessive force on January 7, 2023; Defendants Que, Nelson, Stevens, Van Atta, and Billings conspired with others on January 7, 2023 to deliberately manipulate the facts so that it would appear that Plaintiff was the aggressor and that the unlawful use of force was justified;

Defendants Collins and White used excessive force against Plaintiff on May 11, 2023; Defendants White, Campbell, and Unknown Nurse were deliberately indifferent to Plaintiff's medical needs immediately following the May 11, 2023 incident; Defendants White, Campbell, and Firestine failed to intervene or stop Defendant Collins's use of excessive force on May 11, 2023; Defendants White, Campbell, Firestine, Cunningham, Collins, and Mosley falsified a prison disciplinary infraction on May 11, 2023 to make it appear that Plaintiff was the aggressor and that the unlawful use of force was justified;

Defendant Firestine denied Plaintiff reading material, the Bible, clothing, personal hygiene items, medication, hearing aids, prescription glasses, and Plaintiff's hernia belt during the 24 days Plaintiff was in segregation from February 15, 2022 through March 11, 2022;

Defendant Firestine failed to arrange mental health treatment for Plaintiff from February 15, 2022 through March 11, 2022, and again on May 11, 2023, causing Plaintiff to be unable to participate in certain prison programs, including religious programs; his parole hearing; and time in the law library; Defendant Firestine, beginning on March 8, 2023, wrongly subjected Plaintiff to unwarranted placement on suicide watch for sixteen days during which Plaintiff was stripped naked and denied access to his personal property; and Defendant Firestine's actions on March 8, 2023, prevented Plaintiff from being able to appear for his initial parole hearing;

3

Case 3:23-cv-01116   Document 4   Filed 12/20/23   Page 3 of 11 PageID #: 158

Defendants Hunt, Spires, and Jackson failed to take any action after Plaintiff notified them of the January 7, 2023 and May 11, 2023 incidents; and

Defendant Nelson used excessive force against Plaintiff on an unspecified date.

The complaint seeks compensatory and punitive damages against each Defendant.

C. ANALYSIS[2]

The complaint names as Defendants the following individuals: Correctional Emergency Response Team ("CERT") team members Rosheem Collins, Steven White, Madison Campbell, and Vantorious Stewart; Corporals Jason Nelson and John Cunningham; Unit Manager George Firestine; Internal Affairs Investigators Kelly Hunt and Danielle Jackson; Sergeant Rhonda Billings; "S.T.G." Coordinator and Internal Affairs Investigator Bobby Spires; Correctional Officer Debby Van Atta; Lieutenants f/n/u Que and f/n/u Stevens; Captain Robert Mosley; Centurion Unknown Nurse; and Unknown Correctional Officers. All Defendants are sued in their individual and official capacities. (See Doc. No. 1 at 3-6).

The Court will begin with Plaintiff's claims under Section 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

---

[2] For purposes of the required PLRA screening, the Court need not address every claim raised by Plaintiff herein if the Court finds at least one colorable claim that is appropriate for further development so long as the Court dismisses any frivolous or malicious claims, or claims that fail to state claims upon which relief can be granted, and any defendant who is immune from suit. See 28 U.S.C. §§ 1915(e)(2) and 1915A.

Title 42 U.S.C. § 1983 itself does not contain a statute of limitations. "The statute of limitations applicable to a [Section] 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the [Section] 1983 claim arises." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007). The Sixth Circuit Court of Appeals has specifically noted that the applicable limitations period in Tennessee is one year, based on Tennessee Code Annotated § 28-3-104(a). Howell v. Farris, 655 F. App'x 349, 351 (6th Cir. 2016) (citing Hughes v. Vanderbilt Univ., 215 F.3d 543, 547 (6th Cir. 2000)). Accordingly, the statute of limitations for Plaintiff's Section 1983 claims is one year.

Federal law determines when claims accrue. Collyer v. Darling, 98 F.3d 211, 220 (6th Cir. 1996), cert. denied, 520 U.S. 1267 (1997). To determine when Plaintiff's Section 1983 claims accrued and the one-year statute of limitations commenced to run, the Court looks to the date when Plaintiff became aware of the claims he now raises. See Fox v. DeSoto, 489 F.3d 227, 233 (6th Cir. 2007). "[T]he [Section] 1983 statute of limitations period begins on the date of the constitutional violation." Commodore v. Williams, No. 12-2957-JDT-TMP, 2014 WL 28833, at *3 (W.D. Tenn. Jan. 2, 2014) (citing Jacox v. City of Memphis, 12-2337-JDT/DKV, 2013 WL 5937965, at *3 (W.D. Tenn. 2013) (dismissing Section 1983 complaint as time-barred where defendant's alleged violation occurred on April 26, 2011, and the plaintiff filed the complaint just one day late on April 27, 2012)).

Here, Plaintiff filed his complaint on October 6, 2023.[3] (See Doc. No. 1 at 73). The complaint alleges an excessive force claim against Stewart; deliberate indifference to serious

---

[3] Under the "prison mailbox rule" of Houston v. Lack, 487 U.S. 266, 270 (1988), and the Sixth Circuit's subsequent extension of that rule in Richard v. Ray, 290 F.3d 810, 812 (6th Cir. 2002) and Scott v. Evans, 116 F. App'x 699, 701 (6th Cir. 2004), a prisoner's legal mail is considered "filed" when he deposits his mail in the prison mail system to be forwarded to the Clerk of Court. Pursuant to this authority, the Court finds that Plaintiff filed his complaint on October 6, 2023, the date he signed the complaint (Doc. No. 1 at 73), even though the Clerk of Court received and docketed the complaint on October 24, 2023.

medical needs claims against Stewart, White, Campbell, and Unknown Nurse; and failure to intervene claims against White, Campbell, and Unknown Nurse, all arising from incidents that occurred on February 15, 2022. The Court finds that these claims accrued on February 15, 2022. See e.g., Hodge v. City of Elyria, 126 F. App'x 222, 225 (6th Cir. 2005) (explaining that typically the statute of limitations for a claim alleging an excessive use of force during arrest claim begins to run on the date of the alleged use of excessive force); Commodore, 2014 WL 28833, at *3. Thus, Plaintiff filed his complaint over one year from the date Plaintiff's claims accrued. These claims are barred by the governing one-year statute of limitations for Section 1983 claims in Tennessee and must be dismissed.

The complaint also alleges that Defendant Firestine denied Plaintiff reading material, the Bible, clothing, personal hygiene items, medication, hearing aids, prescription glasses, and Plaintiff's hernia belt during the 24 days Plaintiff was in segregation from February 15, 2022 through March 11, 2022. Additionally, the complaint alleges that Firestine failed to arrange mental health treatment for Plaintiff from February 15, 2022 through March 11, 2022. Any Section 1983 claims premised on these allegations would have accrued on or near February 15, to March 11, 2022, which makes them filed outside of the governing one-year statute of limitations. These claims, too, must be dismissed.

Plaintiff's remaining Section 1983 claims as they are set forth in the complaint concern alleged events that occurred within the governing statute of limitation period.

Under the Eighth Amendment, which applies to convicted prisoners, an officer's conduct will be found to amount to cruel and unusual punishment "when the[] 'offending conduct reflects an unnecessary and wanton infliction of pain.'" Cordell v. McKinney, 759 F.3d 573, 580 (6th Cir. 2014) (quoting Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011)). In examining an excessive

force claim under the Eighth Amendment, the constitutional analysis has both a subjective and an objective component, requiring a court to determine "whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm," and whether "the pain inflicted was sufficiently serious." Cordell, 759 F.3d at 580 (internal quotation marks and citations omitted) (alteration added). The Sixth Circuit has acknowledged that "'[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" Id. (quoting Combs v. Wilkinson, 315 F.3d 548, 556 (6th Cir. 2002)) (alteration in original).

In determining whether the force used was applied in a good faith effort to restore discipline or rather inflicted for a malicious purpose, it is "proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)). "While the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred." Cordell, 759 F.3d at 581 (citing Wilkins v. Gaddy, 559 U.S. 34, 37 (2010)). "'When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident.'" Cordell, 759 F.3d at 581 (quoting Hudson v. McMillian, 503 U.S. 1, 9 (1992)) (alteration in original). A significant physical injury is not required to establish the objective component of an Eighth Amendment claim. Wilkins, 559 U.S. at 1178-79 ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury."). In the end, a determination of what constitutes "unnecessary and

7

Case 3:23-cv-01116   Document 4   Filed 12/20/23   Page 7 of 11 PageID #: 162

unwanton infliction of pain," is "contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8.

Based on the allegations in the complaint, the Court finds that the complaint states colorable Eighth Amendment excessive force claims under Section 1983 against Defendants Que, Collins, White, and Nelson in their individual capacities. Although the complaint alleges that only these Defendants used excessive and unnecessary force against Plaintiff, the complaint also alleges that Defendants Stevens, Unknown Correctional Officer(s), White, Campbell, and Firestine watched an assault or assaults, failed to intervene, and attempted to obstruct an investigation about Defendants' use of excessive force. See Walls v. Tenn. Dep't of Corr., No. 17-2549-JPM-tmp, 2018 WL 3468379, at *5 (W.D. Tenn. July 18, 2018) ("A guard who stands and watches while another guards beats a prisoner violates the Constitution . . . ."); Johnson v. C/O Lane, No. 15-2260-JDT-tmp, 2016 WL 1734111, at *3 (W.D. Tenn. Apr. 29, 2016) (on PLRA screening, finding that prisoner "has alleged a plausible claim for excessive force in violation of the Eighth Amendment" against the guard who allegedly assaulted plaintiff as well as the guards who allegedly "stood by and did not intervene."). Thus, the allegations of the complaint with respect to these Defendants warrant further factual development.

The complaint also alleges RLUIPA claims against Defendant Firestine based on events that occurred in 2022. In keeping with the PLRA's requirement that the Court dismiss claims upon which relief cannot be granted, the Court considers whether Plaintiff's RLUIPA claims also are subject to dismissal based on statute of limitations grounds. RLUIPA provides a longer statute of limitations than Section 1983. RLUIPA claims are subject to a four-year statute of limitations, rather than a one-year statute of limitations. See Adams v. Woodall, No. 3:14-cv-00020, 2015 WL 998324, at *3 (M.D. Tenn. Mar. 5, 2015) (citing Al-Amin v. Shear, 325 F. App'x 190, 193 (4th

Cir. 2009) (citing 28 U.S.C. § 1658 (2006))); Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004)). Thus, Plaintiff's allegations that Defendant Firestine denied Plaintiff his Bible in February or March of 2022 fall within the governing statute of limitations for RLUIPA claims.

RLUIPA "provide[s] very broad protection for religious liberty." Holt v. Hobbs, 574 U.S. 352, 356 (2015). RLUIPA "prohibits state and local governments from placing 'a substantial burden' on the 'religious exercise' of any inmate unless they establish that the burden furthers a 'compelling governmental interest' and does so in the 'least restrictive' way." Haight, 763 F.3d 554, 559 (quoting 42 U.S.C. § 2000cc-1(a)(1)-(2)). RLUIPA defines "'religious exercise' capaciously to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" Holt, 574 U.S. at 358 (quoting § 2000cc-5(7)(A)). An action will be classified as a substantial burden when that action forced an individual to choose between following the precepts of his religion and forfeiting benefits or when the action in question placed substantial pressure on an adherent to modify his behavior and to violate his beliefs. Barhite v. Caruso, 377 F. App'x 508, 511 (6th Cir. 2010) (internal punctuation and citations omitted).

Congress specified that RLUIPA "shall be construed in favor of a broad protection of religious exercise, to the maximum extent permitted by the terms of this chapter and the Constitution." § 2000cc-3(g). Courts have recognized that, in the prison context, RLUIPA provides greater protections than the First Amendment. See Colvin v. Caruso, 605 F.3d 282, 296 (6th Cir. 2010) (citing Lovelace v. Lee, 472 F.3d 174, 199-200 (4th Cir. 2006)); Buckner v. Vargas, No. 3:20-cv-00562, 2020 WL 4446261, at *3 (M.D. Tenn. Aug. 3, 2020) (noting that RLUIPA "is a higher standard for the government to meet than the . . . standard for First Amendment claims brought under Section 1983."). Given these greater protections, Plaintiff's allegation that Defendant Firestine denied Plaintiff his Bible for a 21-day period are sufficient, for purposes of

9

the PLRA screening, to implicate RLUIPA. Of course, Plaintiff ultimately will have to prove that Firestine's denial substantially burdened Plaintiff's religious beliefs.

Plaintiff's other federal claims are based on events that allegedly occurred within the governing statutes of limitation for those claims and are not, upon initial review, frivolous or malicious for purposes of the required PLRA screening.

## II. STATE LAW CLAIMS

The complaint also alleges state law claims, including but not limited to negligence and gross negligence. Title 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

Id. The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." Id. at § (c)(3).

Because the Court determines that Plaintiff's state law claims are so related to Plaintiff's remaining federal claims that those state law claims form part of the same case or controversy, the Court shall exercise supplemental jurisdiction to hear any state law claims set forth in the complaint.

## III. CONCLUSION

Having screened the complaint pursuant to the PRLA, the Court finds that the complaint states colorable Eighth Amendment excessive force claims under Section 1983 against Defendants Que, Collins, White, Nelson, Stevens, Unknown Correctional Officers(s), Campbell, and Firestine in their individual capacities.

However, Plaintiff's Section 1983 excessive force claim against Stewart; deliberate indifference to serious medical needs claims against Stewart, White, Campbell, and Unknown Nurse; and failure to intervene claims against White, Campbell, and Unknown Nurse (all arising from incidents that occurred on February 15, 2022) as well as Plaintiff's Section 1983 claims against Defendant Firestine based on his conduct from February 15, 2022 through March 11, 2022 were filed outside of the governing one-year statute of limitations period. Therefore, they fail to state Section 1983 claims upon which relief may be granted and will be dismissed. Because the complaint alleges no other claims against Stewart, he will be dismissed as a Defendant from this lawsuit.

Further, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE