UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DONALD HALICEK,

    Plaintiff,

v.

ROSHEEM COLLINS et al.,

    Defendants.

Case No. 3:23-cv-01116

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Luke A. Evans

To:    The Honorable Waverly D. Crenshaw, Jr., District Judge

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, filed a complaint alleging various civil-rights violations against corrections officers and other employees of the Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee. (Doc. No. 1.) A few months after some claims in the complaint survived initial screening (Doc. No. 5), the Court received a notice from another inmate at the same facility advising that plaintiff died on or around March 8, 2024. (Doc. No. 9.) Plaintiff's next of kin was identified (Doc. Nos. 10, 11) in June 2024 around the same time that the Court received a letter from Melissa Edwards, a woman representing herself as plaintiff's wife. (Doc. No. 12.) By order on January 2, 2026, the Court directed Ms. Edwards to provide information by January 29, 2026 confirming that she—or someone else—was an appropriate successor or representative for purposes of Rule 25(a)(1) of the Federal Rules of Civil Procedure. (Doc. No. 31.) The docket shows no activity since January 2, 2026.

Rule 41(b) allows for dismissal of a case for failure to prosecute, and "it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) (unpublished opinion) (citation omitted).

Whether the Court should dismiss this case for failure to prosecute depends on "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted). Not every factor needs to be present, *see Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008), and a clear record of delay can support dismissal. *See Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citations omitted). Rule 41(b) operates in tandem with the Court's inherent power to manage its caseload and to dismiss a case for failure to prosecute as part of its caseload management. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citations omitted).

Here, the *Knoll* factors concerning prejudice and sanctions are not applicable given the posture of the case, but the docket shows a clear record of delay that supports dismissal. Ms. Edwards has known of this case at least since her letter of June 21, 2024. The Court sent Ms. Edwards a copy of the order of January 2, 2026 explaining the uncertainty surrounding who plaintiff's appropriate successor or representative might be and establishing a January 29, 2026 deadline for resolution. The docket shows that no one has made an effort to identify an appropriate successor or representative and to substitute that person as plaintiff to move the case forward. Now that nearly two years have passed since plaintiff's death with no attempt at substitution, dismissal for failure to prosecute is an appropriate remedy. *Cf. Alvarez v. San Juan VA Med. Ctr.*, No. 3:17-CV-0049, 2021 WL 1136069, at *1 (D.V.I. Mar. 24, 2021) (dismissal for failure to prosecute where "the action has been dormant for three years and no party or legal successor has filed a motion to substitute party") (citing *Worthy v. Accumarine Transp.*, No. 09-00664-WS-N, 2010

U.S. Dist. LEXIS 77859, at *1 (S.D. Ala. May 19, 2010) (dismissal for failure to prosecute where "no action has been taken to substitute a proper party plaintiff to proceed with this litigation, nor has there been any request made for an extension of time within which to do so"), *report and recommendation adopted*, 2010 U.S. Dist. LEXIS 77349 (S.D. Ala. July 29, 2010)).

<u>**RECOMMENDATION**</u>

For the foregoing reasons, the Court respectfully recommends dismissing this case under Rule 41(b) for failure to prosecute.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 18th day of May, 2026.

_____
LUKE A. EVANS
United States Magistrate Judge